CRAIG G. MARGULIES (State Bar No. 185925)
Craig@MarguliesFaithLaw.com
JEREMY W. FAITH (State Bar No. 190647)
Jeremy@MarguliesFaithLaw.com
SAMUEL M. BOYAMIAN (State Bar No. 316877)
Samuel@MarguliesFaithLaw.com
**MARGULIES FAITH LLP**
16030 Ventura Blvd., Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777

Counsel for A.R.D. Marketing, Inc.,
Debtor and Debtor-in-Possession

FILED & ENTERED

DEC 10 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>A.R.D. MARKETING, INC.,<br><br>　　　　Debtor and Debtor in Possession. | Case No.: 2:24-bk-13156-DS<br><br>Chapter: 11 (Subchapter V)<br><br>**ORDER GRANTING DEBTOR AND DEBTOR-IN-POSSESSION A.R.D. MARKETING, INC.'S MOTION TO DISMISS CHAPTER 11 CASE**<br><br>Hearing:<br>Date:  December 5, 2024<br>Time:  1:00 p.m. (Via ZoomGov)<br>Place: Courtroom 1639<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

On December 5, 2024, at the above-captioned time and place, the court held a hearing on the "Debtor and Debtor-in-Possession A.R.D. Marketing, Inc.'s Notice of Motion and Motion to Dismiss Chapter 11 Case" (the "Motion," Docket No. 187).[1]  Appearances were noted on the record.

/ / /

---

[1] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Motion.

The court having considered the Motion, the accompanying declarations of Gregory A. Peplin and Samuel M. Boyamian in support of the Motion, and the remarks of counsel at the hearing, for the reasons set forth by the court on the record at the hearing,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The Debtor's chapter 11 case is dismissed effective as of the entry of this Order.

3. The retentions of the Debtor's professionals are hereby terminated, effective immediately, without the need for further action by the court, as the Debtor's professionals have filed final fee applications for this court's review, which were also heard concurrently with the Motion on December 5, 2024, and granted. Separate orders will be issued on the allowance (and payment from the Carveout) of the Debtor's professionals' (and the SubChapter V Trustee's) fees and expenses, respectively.

4. The Debtor shall, following the distributions from the Carveout to the Debtor's professionals[2] and the SubChapter V Trustee, turnover the excess funds from the Carveout to the United States Small Business Administration based on its secured claim.

5. The Debtor shall file, to the extent it has not already, monthly operating reports through the period ending on the date of entry of this Order (the "Dismissal Date").

6. To the extent applicable, Bankruptcy Rule 6004(h) is waived and this Order is effective and enforceable immediately upon entry.

7. Notwithstanding the dismissal of this Case, the court retains jurisdiction to enter any orders related to the award and allowance of fees and expenses of the Debtor's retained

---

[2] The SBA previously agreed to a 25% carve-out from the equipment which its blanket lien attaches to (Docket No. 69). After the Auction, the value of this carveout comes to $147,465.00 (Docket No. 180). Additionally, after the Auction, the total value of the carveouts from the purchase money lienholders comes to $5,550.00 (Docket No. 180). In addition to the SBA's 25% carveout, the SBA had also agreed to a $90,000 reserve to deal with the administrative expense claims (Docket No. 97). With the $90,000 reserve having a balance of $74,189.07, the SBA agreed to apply $19,000 from those funds to pay the Debtor's professionals and the SubChapter V Trustee with the remaining amount to be turned over to the SBA (approximately $55,189.07). In sum, $172,015 will be applied to the Debtor's professionals from the multiple Carveouts mentioned above with the remaining balance of $55,189.07 to be turned over to the SBA.

professionals, and further retains jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation, interpretation or enforcement of this or any other order entered in this case.

8. The Clerk of the Court is authorized and instructed to close the above-captioned Chapter 11 bankruptcy case.

###

Date: December 10, 2024

Deborah J. Saltzman
United States Bankruptcy Judge